**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**----------------------------------------------------------------**

BRIAN MARMULSTEIN,

                                   Petitioner,

                    v.                                              No. 05-CV-230
                                                                      (DNH/ DRH)

WILLIAM PHILLIPS, Superintendent of Green
Haven Correctional Facility,

                                   Respondent.
**----------------------------------------------------------------**

**APPEARANCES:**                          **OF COUNSEL:**

BRIAN MARMULSTEIN
Petitioner Pro Se
No. 02-A-2964
Coxsackie Correctional Facility
Post Office Box 999
Coxsackie, New York 12051

HON. ANDREW M. CUOMO                  STEVEN H. SCHWARTZ, ESQ
Attorney General for the             Assistant Attorney General
       State of New York
Attorney for Respondent
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

        Petitioner pro se Brian Marmulstein ("Marmulstein") is currently an inmate in the custody

of the New York State Department of Correctional Services at Coxsackie Correctional Facility.

Marmulstein was found guilty on February 14, 2002 of burglary and possession of stolen

property after a jury trial in Albany County, New York.  Marmulstein was adjudicated a second

_____

        [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

felony offender and was sentenced to concurrent terms of imprisonment, the maximum of

which is fifteen years to life.  Marmulstein now seeks a writ of habeas corpus pursuant to 28

U.S.C. § 2254 on the grounds that:

> 1) The evidence was not legally sufficient to support the crime of burglary;

> 2) The admission of evidence regarding crimes that were dismissed on speedy trial grounds was error;

> 3) The instructions to the jury were improper and the Court's failure to give the jury a missing witness charge; and

> 4) The trial court abused its discretion by improperly consolidating counts from two separate indictments.

> For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On June 22 or 23, 2000, a private residence located at 538 Morris Street in the City of

Albany was burglarized of property valued at over $15,000, which included a television, VCR,

and jewelry.  Marmulstein was then residing at 532 Morris Street.  R. 349.[2]  Hours after the

burglary, Marmulstein was observed in possession of the television and VCR concealed under

a bed sheet and told a friend when asked where he had obtained the property that he had "hit

the jackpot."  R. 354-55.   Marmulstein also told another friend that he needed to sell some

jewelry and later advised that he sold several pieces of jewelry at a local business.  R. 378,

384.  The police later recovered the jewelry sold to the business by Marmulstein, all of which

had been taken in the burglary.  R. 408, 423, 430-32, 452, 458.

---

[2]"R." followed by a number refers to the number of the page of the record on Marmulstein's state court appeal filed with respondent's response.  Docket No. 9.

On August 8, 2000, a grand jury returned an indictment charging Marmulstein in two counts with an unrelated burglary and criminal possession of stolen property for possessing the proceeds of the Morris Street burglary.   The two charges were apparently severed and Marmulstein was acquitted after trial on the burglary charge.  R. 47-48.  On March 30, 2001, a grand jury returned a second indictment charging Marmulstein in two counts with the burglary of the Morris Street residence and criminal possession of stolen property regarding different proceeds of that burglary, a charge that was later dismissed on speedy trial grounds.  R. 26-27. On the motion of the prosecution, the untried stolen property charge in the first indictment and the burglary charge in the second indictment were consolidated for trial.   Marmulstein was found guilty of both charges and was sentenced as indicated above.  R. 15, 558-59.  His conviction was affirmed by the Appellate Division.  People v. Marmulstein, 6 A.D.3d 879 (3d Dep't 2004).   The New York Court of Appeals denied him leave to appeal.   People v. Marmulstein, 3 N.Y.3d 660 (2004).  This action followed.

## II. Discussion

### A. Sufficiency of the Evidence

Marmulstein first contends that the evidence was insufficient to connect him to the Morris Street burglary.

A defendant who claims that the evidence was not sufficient to sustain a conviction bears a very heavy burden."  United States v. Pierce, 224 F.3d 158, 164 (2d Cir. 2000).  The Second Circuit has maintained that the weight of the evidence and the credibility of the witnesses are determinations for the jury and are not grounds for reversal.  See United States

-3-

v. Vasquez, 267 F.3d 79, 91 (2d Cir. 2001).  "[T]he critical inquiry on review of the sufficiency of the evidence . . . [is] to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 318 (1979). This inquiry asks the court to determine if, "after viewing the evidence in the light most favorable to the prosecution, . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. at 319; see also Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 811 (2d Cir. 2000).

Where, as here, the state courts have determined the issue on direct appeal, a petitioner must show that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."  28 U.S.C. §2254(d)(1). A petitioner may satisfy this standard by showing that: 1) the state court rendered a decision which contradicted clearly established Supreme Court precedent; 2) the state court confronted a set of facts  almost identical to a Supreme Court case, and reached a different result; or 3) the state court applied a rule of law, as defined by the Supreme Court, in a manner inconsistent with the Supreme Court's intent and the decision reached as a result of that application was "objectively unreasonable."  See Williams v. Taylor, 529 U.S. 362, 405 (2000); Lockyer v. Andrade, 538 U.S. 63, 75 (2003).  The  weight of the evidence against the defendant at trial is a question of fact for the jury, not the habeas court, and if based on that evidence "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," the jury's verdict must stand.  See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996) (citing Jackson, 443 U.S. at 319).   The defendant's guilt may be found entirely upon circumstantial evidence and the jury's verdict will be found valid nonetheless. See id.

Here, the evidence adduced at trial linking Marmulstein to the burglary included his proximity to the location of the burglary, his statement to a friend the day after the burglary that he had "hit the jackpot," his possession of the television and VCR the day after the burglary under suspicious circumstances, his possession of jewelry from the burglary, and his disposition of jewelry taken from the burglary. The Appellate Division found such evidence sufficient as a matter of law to support Marmulstein's burglary conviction. People v. Marmulstein, 6 A.D.3d at 880. That holding is well supported by the evidence and, in any event, was not "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

Marmulstein's amended petition on this ground should be denied.


## B. Evidence of Uncharged Crimes

The stolen property count of the second indictment charged Marmulstein with possessing several rings taken during the Morris Street burglary. That charge was dismissed before trial. In the second ground of his petition, Marmulstein contends that evidence concerning that dismissed charge was improperly admitted at his trial.

Evidentiary questions are typically matters of state law and raise no federal constitutional issue for habeas corpus review. Estelle v. McGuire, 502 U.S. 62, 67-69 (1991); Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998). The introduction of improper evidence against a defendant does not amount to a violation of due process unless the evidence "is so extremely unfair that its admission violates fundamental conceptions of justice." Dowling v. United States, 493 U.S. 342, 352 (1990). For the erroneous admission of other unfairly prejudicial evidence

to amount to a denial of due process, the item must have been "sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." Johnson v. Ross, 955 F.2d 178, 181 (2d Cir.1992); Dunnigan, 137 F.3d at 125.

Here, first, the trial court's rulings were not erroneous.  Evidence that Marmulstein possessed property taken during the burglary immediately after the burglary occurred provided relevant evidence of his guilt of the burglary charge apart from the stolen property charge. Second, whether or not erroneous, the trial court's admission of that evidence was a matter of state law not reviewable by the habeas court unless it rises to the level of a due process violation.  See Estelle, 502 U.S. at,67-69; Johnson, 955 F.2d at 181.  There was no due process violation here because the other evidence of Marmulstein's guilt was substantial as described above.  Moreover, the evidence contested here added only marginally to the probative weight of the other evidence not contested here, that Marmulstein possessed various items of property taken during the burglary shortly after the burglary occurred.

Thus, the amended petition on this ground should be denied.


### C. Jury Instructions

The trial judge instructed the jury on the permissible inferences which could be drawn from the evidence of Marmulstein's recent possession of property taken during the burglary. Amended Pet, attach. at 13; R. 550-52.  The trial judge also declined to give the jury a missing witness instruction regarding Ruth Pardin.[3]  In the third and fourth grounds of his amended

---

[3]It is unclear from the record what Ruth Pardin's testimony was anticipated to be. See Amended Pet., attach. at 15-17; Respondent's Mem. of Law (Docket No. 9) at 9-11.

petition, Marmulstein contends that both rulings were error requiring habeas relief.

As noted supra, a habeas petition must show that a claim adjudicated on the merits by a state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001).  Errors in state jury charges are questions of state law and therefore not reviewable on federal habeas corpus absent a showing that the jury charge deprived the defendant of a federal constitutional right.  See Blazic v. Henderson, 900 F.2d 534, 540 (2d Cir. 1990); Valtin v. Hollins, 248 F. Supp. 2d 311, 316 (S.D.N.Y. 2003). The standard of review for state trial jury instructions in a habeas petition is not whether the "instruction is undesirable, erroneous or even 'universally condemned'" but whether "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Wright v. Smith, 569 F.2d 1188, 1191 (2d Cir. 1978) (quoting Cupp v. Naughten, 414 U.S. 141, 146-47 (1970)).

Here, neither the instruction given nor that which the trial court refused to give rose to the level of a due process violation even if erroneous.  The jury was instructed that notwithstaning the court's instruction on possession of the stolen property, the jury was the finder of fact.  Moreover, there was no significant consequence to the omission of a missing witness charge, where the record contains the representation that the testimony was merely cumulative of other testimony in the case, Amended Pet., attach at 15, and there is no evidence in the record as to how Marmulstein was prejudiced by the absence of either the witness or the instruction.

Accordingly, the amended petition on these grounds should be denied.

### D. Consolidation of Charges

In the fifth and final ground of his amended petition, Marmulstein contends that the trial court erred in consolidating for trial the possession of stolen property charge from the first indictment with the burglary charge from the second indictment.  The decision to consolidate charges for trial constitutes an issue of state law which is unreviewable in a habeas proceeding absent a showing that the ruling constituted a deprivation of due process.  See Estelle, 502 U.S. at 67.  Here, even assuming that consolidation was in error under state law, that error was at worst harmless error which had no "substantial and injurious effect or influence on the jury's verdict."  Brecht v. Abramson, 507 U.S. 619, 638 (1993).

Accordingly, the amended petition on this ground should also be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the amended petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: January 19, 2007
     Albany, New York

_David R. Homer_

United States Magistrate Judge

-8-